**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 11-cr-00033-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3. NANCY MARCELA CASTRO-MOTTA,

    Defendant.

**ORDERS RE: MOTION FOR NOTICE AND DISCOVERY UNDER
FED.R.EVID. 404(b), 609, 801(d)(2)(E), and 806**

**Blackburn, J.**

The matter before me is the **Motion For Disclosure of F.R.E. 404(b), 609, 801(d)(2)(E) and 806 Evidence** [#75][1] filed on February 24, 2011, by defendant, Nancy Marcela Castro-Motta.

Ms. Castro-Motta seeks pretrial disclosure of all putative coconspirator statements under Fed.R.Evid. 801(d)(2)(E). Motion at 1 and 2, ¶ 3. Ms. Castro-Motta requests a *James*[2] hearing to identify and determine the provisional admission of such statements. *Id.* at 2, ¶ 3. The government has provided defendant with extensive discovery in the form of investigative reports, photographs, and recordings. Response [#84] at 2. This discovery contains the majority of statements the government will offer under

---

[1] "[#75]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order and other orders entered in this case.

[2] A shorthand reference to *United States v. James*, 590 F.2d 575 (5th Cir. 1979), *cert. denied*, 99 S.Ct. 2836 (1979).

Fed.R.Evid. 801(d)(2)(E). *Id.* Because of the nature and extent of the discovery that the government has produced, defendant does not need additional work product from the government to identify putative co-conspirator statements. The government further anticipates turning over Jencks Act[3] material before trial. *Id.* Thus, I exercise my discretion to provisionally admit putative coconspirator statements at trial under Fed.R.Evid 104(b), "with the caveat that . . . the party offering [it] must prove the existence of the predicate conspiracy through trial testimony or other evidence." *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir.1995). Accordingly, this discreet request will be denied.

Ms. Castro-Motta seeks reasonable pretrial notice of other crimes, wrongs, or acts under Fed.R.Evid. 404(b). Rule 404(b) provides as follows:

> (b) Other Crimes, Wrongs, or Acts.--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed.R.Evid. 404(b).

As a starting point, her discreet request for pretrial disclosure of 404(b) notice and evidence is governed initially by the extant **Discovery Conference Memorandum and Order** [#47] entered January 26, 2011. Ms. Castro-Motta participated in the formulation of the memorandum. Minutes [#44]. The **Discovery Conference**

---

[3] The "Jencks Act" is codified at 18 U.S.C. § 3500.

**Memorandum and Order** requires the government to provide written notice to the defendant no later than 21 days before trial of the government's intent to introduce evidence under Fed.R.Evid. 404(b). Memo and Order at 4, ¶ I(C) and 8, ¶ V(A). Considering the totality of relevant circumstances, pretrial notice and disclosure of 21 days is eminently reasonable. Such advance notice and disclosure will provide Ms. Castro-Motta with a reasonable time and opportunity to prepare to meet such evidence by cross-examination or competing evidence. Thus, this discreet request will be denied as moot.

Concerning the request of Ms. Castro-Motta for disclosure of evidence implicating Fed.R. Evid. 609, I find and conclude that, generally, there is no requirement under Rule 609 for pretrial disclosure of such information, except under Fed.R.Evid 609(b) to provide sufficient advance written notice of the intent to impeach using evidence of a conviction more than ten years old. Thus, this request should be granted, but limited to notice of convictions that are more than ten years old as calculated under Fed.R.Evid. 609. The government should disclose any such convictions no later than 21 days before trial.[4]

Finally, Ms. Castro-Motta requests pretrial disclosure of evidence that may be used for impeachment under Fed.R.Evid. 806. Rule 806 provides

> When a hearsay statement, or a statement defined in Rule 801(d)(2)(C), (D), or (E), has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a

---

[4] In its response the government represents that it will provide the defendant "adequate notice prior to trial" of the government's intent to use for impeachment any prior conviction of the defendant under Fed.R.Evid 609(a)(1), or opinion, reputation, or specific-instance evidence admissible under Fed.R.Evid. 608. Response at 4.

3

> witness. Evidence of a statement or conduct by the declarant at any time, inconsistent with the declarant's hearsay statement, is not subject to any requirement that the declarant may have been afforded an opportunity to deny or explain. If the party against whom a hearsay statement has been admitted calls the declarant as a witness, the party is entitled to examine the declarant on the statement as if under cross-examination.

Fed.R.Evid. 806.

This requests implicates the requirements for discovery imposed by Fed. R. Crim. P 16, and under *Brady, Bagley, Giglio*, and their progeny.[5] I find and conclude as follows: (1) that the government is aware of its continuing duty to disclose to defendant the discovery to which she is entitled by law; (2) that the government has sedulously discharged its duty to provide the discovery to which defendant is entitled; (3) that defendant has been provided *pro tanto* the discovery to which she is entitled under Rule 16, as codified and construed, and under *Brady, Bagley, Giglio*, and their progeny; (4) that no discreet or specific discovery violations are claimed or circumstantiated; and (5) that defendant is not now entitled to discovery beyond that already provided by the government or otherwise available to her or beyond that the government represents it will provide. Thus, to the extent Ms. Castro-Motta has the discovery to which she is entitled, her motion should be denied as moot, and to the extent she requests discovery to which she has no right, her motion should be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion For Disclosure of F.R.E. 404(b), 609, 801(d)(2)(E) and 806 Evidence** [#75] filed on February 24, 2011, by defendant, Nancy Marcela Castro-Motta,

---

[5] The reference to "*Brady, Bagley, Giglio*," is a reference to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); and *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

is **GRANTED** in part, **DENIED** in part, and **DENIED AS MOOT** in part consistent with the foregoing findings and conclusions and the following orders;

2.  That no later than 21 days before trial, the government **SHALL PROVIDE** defendant with written notice of, at least, the general nature of any evidence the government intends to offer under Fed.R.Evid 404(b);

3.  That no later than 21 days before trial, the government **SHALL PROVIDE** defendant with written notice of its intent to use evidence of a conviction more than ten years old, as calculated under Fed.R.Evid. 609, for purposes of impeachment under Fed.R.Evid. 609; and

4. That the **Discovery Conference Memorandum and Order** [#47] entered January 26, 2011, is **AMENDED** to the limited extent necessary to facilitate and implement these orders.

Dated October 5, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge